YOU SONG CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.

No. 07–2453–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

David X. Feng, New York, NY, for Petitioner.

Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

You Song Chen, a native and citizen of the People's Republic of China, seeks review of a May 14, 2007 order of the BIA affirming the November 16, 2005 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re You Song Chen,* No. A98 297 912 (B.I.A. May 14, 2007), *aff'g* No. A98 297 912 (Immig. Ct. N.Y. City Nov. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we deem Chen's CAT claim abandoned, as he has failed meaningfully to raise that claim in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 8 (2d Cir.2005).

When the BIA issues an opinion that fully adopts the IJ's decision, we review

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

the IJ's decision. *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the IJ's determination that Chen was not credible. The IJ observed that on two occasions Chen testified to dates that were inconsistent with record evidence. First, Chen testified that he stopped going to school in 1997, so that he could start working to help his family members with their finances. However, when his attorney pointed out to him his earlier testimony that he stopped attending school after his brother left China in 2001, Chen had no explanation for the discrepancy but said that he was mistaken. Chen also testified that after he escaped from a detention center, he went to his uncle's home and hid there until January 2004. However, his attorney pointed out to him that his uncle's letter asserted that Chen stayed with his uncle until February 5. The IJ found that Chen had "great difficulty answering questions that were actually not on the addendum to the application." Moreover, while acknowledging that these inconsistencies were "slight," the IJ found of greater concern Chen's demeanor upon being confronted with them-the IJ observed that Chen "looked stunned and he started shaking his head, laughed in an uncomfortable manner," and "looked very confused and alarmed and could not provide an adequate explanation as to the discrepancy." We assign great deference to an IJ's assessment of demeanor, *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006), and the inconsistencies in the record validate the IJ's finding.

The IJ also found that while Chen's addendum to his asylum application and his father's letter assert that Chen escaped a detention facility through a broken window in the bathroom, he testified that he broke the window himself. Furthermore, the IJ found implausible several aspects of Chen's account of his arrest and subsequent escape: (1) that Chen was not questioned by the authorities about his uncle, even though his father wrote that his uncle was under surveillance; (2) that Chen was being detained for an indefinite period of time, yet was able to escape from detention unnoticed through a bathroom window while a guard stood outside the unlocked bathroom door; (3) that Chen was tortured in detention every day for one month, deprived of sleep, and not given sufficient food, yet was able to escape after breaking the window with his bare hands and sustaining several cuts as a result and then to traverse mountainous terrain for two days; and (4) that the detention facility was located in a remote mountain area, yet Chen was able to find his uncle's home without anyone's assistance after two days of walking through mountainous terrain.

We will reject an IJ's deductions only when there is a complete absence of probative facts in the record to support them, and we will accord deference to those deductions as long as they are "tethered to the evidentiary record." *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir. 2007). Here, the IJ's findings were properly tethered to Chen's testimony, and it was reasonable for him to have made such findings where the reasons for his incredulity are evident. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006); *Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007). While the BIA ac-

knowledged that "without further explanation, the Immigration Judge might have come close to an over-reliance on implausibility," its ultimate affirmance of the adverse credibility determination was proper, as it was supported by the inconsistencies, implausibilities, and demeanor findings in the record. The IJ properly relied on the cumulative effect of these testimonial deficiencies to find that Chen was not credible. *See Tu Lin,* 446 F.3d at 402.

We find unavailing the Government's contention that Chen failed to exhaust his claim for withholding of removal. In addition to setting forth the standard for withholding in his brief to the BIA, Chen challenged the IJ's adverse credibility determination, which was dispositive of both his claims for asylum and withholding. Nevertheless, we conclude that the adverse credibility determination in this case necessarily precludes success on that claim, as it was predicated on the same facts which the IJ found not to be credible. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.